U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 2 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § Plaintiff, § § v. § § STANFORD INTERNATIONAL BANK, LTD., § STANFORD GROUP COMPANY, § STANFORD CAPITAL MANAGEMENT, LLC, § R. ALLEN STANFORD, JAMES M. DAVIS, and § LAURA PENDERGEST-HOLT § § Defendants. § | Case No.: 3:09-cv-0298-N 8:10mc80 |

FILED U.S. DISTRICT COURT DISTRICT OF NEBRASKA
10 JUL 26 PM 3:12
OFFICE OF THE CLERK

## AGREED PRELIMINARY INJUNCTION AS TO LAURA PENDERGEST-HOLT, AND AGREED ORDER GRANTING OTHER EQUITABLE RELIEF

This matter came before me, the undersigned United States District Judge, this 2 day of March, 2009, on the application of Plaintiff Securities and Exchange Commission for issuance of a preliminary injunction against Defendant Laura Pendergest-Holt, and an order for other equitable relief against Defendant Pendergest-Holt. This Court has previously issued a temporary restraining order, order freezing assets, order requiring an accounting, order requiring preservation of documents, order authorizing expedited discovery, and order appointing receiver. Defendant Pendergest-Holt has agreed to the entry of this Agreed Preliminary Injunction and Agreed Order Granting Other Equitable Relief ("Preliminary Injunction"), without admitting or denying the allegations contained in the Commission's Complaint; has agreed that this Court has jurisdiction over her and subject matter of this action; and has agreed to waive a hearing and the entry of findings of fact and conclusions of law.

I.

Certified a true copy of an instrument on file in my office on MAR - 4 2010
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

(1) employing any device, scheme, or artifice to defraud; or

(2) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 10(b) of the Exchange Act or Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], directly or indirectly, in connection with the purchase or sale of any security, by making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(1) to use or employ any manipulative or deceptive device or contrivance in contravention of the rules and regulations promulgated by the Commission;

(2) to employ any device, scheme, or artifice to defraud;

(3) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1) employing any device, scheme, or artifice to defraud any client or prospective client; or

(2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody, or control of Defendant Pendergest-Holt, or effecting any sale, gift, hypothecation, or other disposition of any asset belonging to or in the possession, custody,

or control of Defendant Pendergest-Holt, pending a showing to this Court that Defendant Pendergest-Holt has sufficient funds or assets to satisfy all claims arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim.

V.

IT IS HEREBY ORDERED that all banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendant Pendergest-Holt who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined, in regard to any such account, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court.

VI.

IT IS HEREBY ORDERED that all other individuals, corporations, partnerships, limited liability companies, and other artificial entities who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from Defendant Pendergest-Holt without adequate consideration.

VII.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt is hereby required to make an interim accounting, under oath, within ten days of the issuance of this order: (1) detailing all monies and other benefits which she received, directly or indirectly, as a result of the activities

alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit); (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the holdings); and (3) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of, Defendant Pendergest-Holt (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2000 through the date of the accounting.

VIII.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, and all other persons in active concert or participation with them, including any bank, securities broker-dealer, or any financial or depositary institution, who receives actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books and records owned by, or pertaining to, the financial transactions and assets of Defendants or any entities under their control.

IX.

IT IS HEREBY ORDERED that the Commission is authorized to serve process on, and give notice of these proceedings and the relief granted herein to, Defendants by U.S. Mail, e-mail, facsimile, or any other means authorized by the Federal Rules of Civil Procedure.

X.

IT IS HEREBY ORDERED that expedited discovery may take place consistent with the following:

(1)  any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty days after service of a summons and the Plaintiff Commission's Complaint upon Defendants;

(2)  all parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoenas, unless the person designated to provide testimony or to produce documents and things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena or to do so at a place other than one at which testimony or production can be compelled;

(3)  any party may notice and conduct depositions upon oral examination subject to minimum notice of seventy-two (72) hours;

(4)  all parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things; and

(5)  all parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

XI.

IT IS HEREBY ORDERED that all parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendants by delivery to the Plaintiff Commission address as follows:

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
Attention: David Reece
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882

Facsimile: (817) 978-4927

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including e-mail and facsimile.

## XII.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt shall surrender her passports and is barred from traveling outside the United States until further order of this Court.

## XIII.

IT IS HEREBY ORDERED that Defendant Pendergest-Holt and her agents, servants, employees, attorneys, depositories, banks, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise shall:

(1) take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by them, or are under their direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Northern District of Texas; and

(2) provide the Commission and the Court a written description of the funds and assets so repatriated.

## XIV.

Defendants Pendergest-Holt shall have sixty (60) days from the date of this Preliminary Injunction in which to answer the Commission's Complaint.

EXECUTED AND ENTERED at 4:30 o'clock am/pm CST this 2 day of March, 2009

_____<br>
UNITED STATES DISTRICT JUDGE

Agreed to Form:

*s/ David B. Reece*
David B. Reece
Securities and Exchange Commission
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102
(817) 978-6476
(817) 978-4927 *fax*
reeced@sec.gov
*Counsel for Plaintiff Securities and Exchange Commission*


*s/ Brent R. Baker*
Brent R. Baker
Parsons Behle & Latimer
201 South Main Street
Suite 1800
Salt Lake City, Utah 84111
(801) 532-1234
(801) 536-6111 *fax*
BBaker@parsonsbehle.com
*Counsel for Defendant Laura Pendergest-Holt*