ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 1 2 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy
```

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL BANK, LTD.,<br>STANFORD GROUP COMPANY,<br>STANFORD CAPITAL MANAGEMENT, LLC,<br>R. ALLEN STANFORD, JAMES M. DAVIS, and<br>LAURA PENDERGEST-HOLT<br><br>Defendants,<br><br>and<br><br>STANFORD FINANCIAL GROUP, and<br>THE STANFORD FINANCIAL GROUP BLDG INC.,<br><br>Relief Defendants. | § § § § § § § § § § § § § § § § § § § § § Case No.: 3:09-cv-0298-N |

```
FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
10 JUL 26 PM 3:11
OFFICE OF THE CLERK
```

**PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF
AS TO R. ALLEN STANFORD**

This matter came before me, the undersigned United States District Judge, this 12th day of March, 2009, on the application of Plaintiff Securities and Exchange Commission for issuance of a preliminary injunction against Defendant R. Allen Stanford and an order for other equitable relief against him. This Court has previously issued a temporary restraining order ("TRO"), order freezing assets, order requiring an accounting, order requiring preservation of documents, order authorizing expedited discovery, and order appointing receiver. The Court extended the TRO on March 2, 2009.

Based on the materials before the Court, the Court makes the following findings of fact and conclusions of law.

Certified a true copy of an instrument on file in my office on MAR - 4 2010
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

1. Defendant Stanford received actual notice of the proceedings herein, and was validly served with a summons and complaint. In addition, Stanford was validly served and had actual notice of the TRO in this case and the March 2 extension of the TRO. Plaintiff noticed Stanford's deposition to take place on February 25, 2009.

2. Stanford failed to appear for this deposition.

3. Stanford was noticed for his deposition a second time on March 4, 2009. In lieu of appearing for his deposition testimony, Stanford provided the Commission with a declaration in which invoked his privilege against self incrimination under the Fifth Amendment to the United States Constitution.

4. There are no factual issues in dispute with regard to Defendant Stanford. Despite having received service and notice of the proceedings, Stanford has not appeared or otherwise contested the entry of a preliminary injunction. Likewise, Stanford has not filed or served any papers in opposition to the entry of the preliminary injunction, or challenged the asset freeze or other emergency relief granted in the TRO.

5. Defendant Stanford has failed to provide financial or account information as ordered by the Court.

6. Defendant Stanford has failed to repatriate assets obtained from the activities alleged by the Commission.

7. Stanford International Bank, Ltd. ("SIB") purports to be a private international bank domiciled in St. John's, Antigua, West Indies. SIB claims to serve 50,000 clients in over 100 countries, with assets under management of approximately $8 billion. SIB sells putative

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

2

certificates of deposit ("the CD") to U.S. investors through SGC, its affiliated investment adviser.

8. Stanford Group Company, a Houston-based corporation, is registered with the Commission as a broker-dealer and investment adviser. It has 29 offices located throughout the United States. SGC's principal business consists of sales of SIB-issued securities, marketed as certificates of deposit. SGC is a wholly owned subsidiary of Stanford Group Holdings, Inc., which in turn is owned by Defendant Stanford.

9. Stanford Capital Management, a registered investment adviser, took over the management of the SAS program (formerly Mutual Fund Partners) from SGC in early 2007. SCM markets the SAS program through SGC.

10. Defendant Stanford, a citizen of the U.S. and Antigua, West Indies, is the chairman of the board and sole shareholder of SIB and the sole director of SGC's parent company.

11. Stanford engaged in fraudulent conduct, including misappropriating investor funds, and making material misrepresentations and omissions concerning, among other things, SIB's certificate of deposit program, the nature and liquidity of SIB's assets, the existence of related party transactions, purported loans from SIB to Stanford, purported capital infusions into SIB, and the SAS program.

12. Defendant Stanford's assets, including proceeds obtained through fraudulent activities, are in imminent jeopardy of dissipation or loss. Absent an asset freeze, Defendant Stanford can remove funds beyond the Court's jurisdiction with little hope that they can be recovered at a later date, rendering any final judgment of disgorgement the Commission might obtain meaningless.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

3

13. It is necessary to guard the records of Defendant Stanford relating to the defendants or any of their securities, financial, or business dealings from destruction or alteration.

14. Defendant Stanford, directly and indirectly, has made use of the means and instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange in connection with the acts, practices, and courses of business described below and in the Commission's pleadings.

15. The Commission's action arises of out of conduct described herein that included activities in the United States involving the sale of certain securities, including the CD sold by SIB and other defendants and a propriety mutual fund wrap program known as "SAS."

16. In selling the CD, the defendants in this action, including Defendant Stanford, made representations concerning, among other things, (i) the bank's safety and security; and (ii) consistent, double-digit returns on the bank's investment portfolio. These representations were materially false and misleading. Instead, significant portions of the bank's portfolio were misappropriated by Stanford used by him to acquire private equity and real estate. In fact, at year-end 2008, the largest segments of the bank's portfolio were: (i) undocumented "loans" to Stanford; (ii) private equity; and (iii) over-valued real estate.

17. SIB's financial statements, which were approved by Defendant Stanford, including its investment income, are also fictional. In calculating SIB's investment income, Defendant Stanford provided to SIB's internal accountants a pre-determined return on investment for the bank's portfolio. Using this pre-determined number, SIB's accountants reverse-engineered the bank's financial statements to reflect investment income that SIB did not actually earn.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

4

18. In its December 2008 Monthly Report, which Stanford approved, SIB told investors that the bank had received a capital infusion of $541 million on November 28, 2008. This representation was materially false and misleading.

19. The mutual fund wrap program referenced above was marketed based on materially false misleading historical performance data.

20. The investments offered and sold by the Defendant are "securities" under Section 2(1) of the Securities Act [15 U.S.C. § 77b], Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c], Section 2(36) of the Investment Company Act [15 U.S.C. § 80a-2(36)], and Section 202(18) of the Advisers Act [15 U.S.C. § 80b-2(18)]

21. This Court has jurisdiction over this action, and venue is proper, under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], Section 43 of the Investment Company Act [15 U.S.C. § 80a-43], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

22. This Court has personal jurisdiction over Defendant Stanford based on the activities set forth above and those detailed in materials considered in this matter.

23. Certain of the transactions, acts, practices, and courses of business constituting the alleged violations of law occurred within the Northern District of Texas.

24. Defendant Stanford has been served with service of process and received actual notice of the pendency of this action against him, the TRO, the extension of the TRO, and the date and time of the preliminary injunction hearing in this matter. Service of process was validly effected. All pleadings and other papers necessary for the entry of this judgment were properly served on Defendant Stanford.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

5

25. Defendant Stanford has violated this Court's order requiring him to provide information regarding his assets and the requirement that he repatriate any assets located abroad. Defendant Stanford has also defaulted on the Commission's motion for a preliminary injunction continuing the asset freeze and for an order granting other relief by failing to contest the arguments and allegations raised by the Commission.

26. The Commission has demonstrated that it is necessary to continue the injunctive relief, asset freeze, and other relief during the pendency of this action to ensure that there are assets to satisfy, at least in part, any final judgment that the Commission might obtain against Defendant Stanford.

27. The Commission has demonstrated the proper showing of a current violation of the federal securities laws and a risk that these violations will recur. Accordingly, a preliminary injunction and asset freeze are warranted in this case against Defendants, including Defendant Stanford.

Based on the foregoing Findings of Fact and Conclusions of Law:

I.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, by:

(1) employing any device, scheme, or artifice to defraud; or

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

6

(2) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statement(s) made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from violating or aiding and abetting violations of Section 10(b) of the Exchange Act or Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5], directly or indirectly, in connection with the purchase or sale of any security, by making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(1) to use or employ any manipulative or deceptive device or contrivance in contravention of the rules and regulations promulgated by the Commission;

(2) to employ any device, scheme, or artifice to defraud;

(3) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

7

III.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are restrained and enjoined from aiding and abetting violations of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce, by:

(1) employing any device, scheme, or artifice to defraud any client or prospective client; or

(2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with him who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody, or control of Defendant Stanford, or effecting any sale, gift, hypothecation, or other disposition of any asset belonging to or in the possession, custody, or control of Defendant Stanford, pending a showing to this Court that Defendant Stanford has sufficient funds or assets to satisfy all claims arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim.

V.

IT IS HEREBY ORDERED that all banks, savings and loan associations, savings banks, trust companies, securities broker-dealers, commodities dealers, investment companies, other financial or depository institutions, and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendant Stanford who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined, in regard to any such account, from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court.

VI.

IT IS HEREBY ORDERED that all other individuals, corporations, partnerships, limited liability companies, and other artificial entities who receive actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from disbursing any funds, securities, or other property obtained from Defendant Stanford without adequate consideration.

VII.

IT IS HEREBY ORDERED that Defendant Stanford is hereby required to make an interim accounting, under oath, within ten days of the issuance of this order: (1) detailing all monies and other benefits which he received, directly or indirectly, as a result of the activities alleged in the Complaint (including the date on which the monies or other benefit was received and the name, address, and telephone number of the person paying the money or providing the benefit); (2) listing all current assets wherever they may be located and by whomever they are being held (including the name and address of the holder and the amount or value of the

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

9

holdings); and (3) listing all accounts with any financial or brokerage institution maintained in the name of, on behalf of, or for the benefit of, Defendant Stanford (including the name and address of the account holder and the account number) and the amount held in each account at any point during the period from January 1, 2000 through the date of the accounting.

VIII.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, and all other persons in active concert or participation with them, including any bank, securities broker-dealer, or any financial or depositary institution, who receives actual notice of this Preliminary Injunction by personal service or otherwise are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing, or disposing of, in any manner, any books and records owned by, or pertaining to, the financial transactions and assets of Defendant or any entities under his control.

IX.

IT IS HEREBY ORDERED that the Commission is authorized to serve process on, and give notice of these proceedings and the relief granted herein to, Defendant by U.S. Mail, e-mail, facsimile, or any other means authorized by the Federal Rules of Civil Procedure.

X.

IT IS HEREBY ORDERED that expedited discovery may take place consistent with the following:

(1) any party may notice and conduct depositions upon oral examination and may request and obtain production of documents or other things for inspection and copying from parties prior to the expiration of thirty days after service of a summons and the Plaintiff Commission's Complaint upon Defendant;

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

10

(2) all parties shall comply with the provisions of Fed. R. Civ. P. 45 regarding issuance and service of subpoenas, unless the person designated to provide testimony or to produce documents and things agrees to provide the testimony or to produce the documents or things without the issuance of a subpoena or to do so at a place other than one at which testimony or production can be compelled;

(3) any party may notice and conduct depositions upon oral examination subject to minimum notice of seventy-two (72) hours;

(4) all parties shall produce for inspection and copying all documents and things that are requested within seventy-two (72) hours of service of a written request for those documents and things; and

(5) all parties shall serve written responses to written interrogatories within seventy-two (72) hours after service of the interrogatories.

XI.

IT IS HEREBY ORDERED that all parties shall serve written responses to any other party's request for discovery and the interim accountings to be provided by Defendant by delivery to the Plaintiff Commission address as follows:

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
Attention: David Reece
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
Facsimile: (817) 978-4927

and by delivery to other parties at such address(es) as may be designated by them in writing. Such delivery shall be made by the most expeditious means available, including e-mail and facsimile.

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

11

## XII.

IT IS HEREBY ORDERED that Defendant Stanford shall surrender his passport and is barred from traveling outside the United States until further order of this Court.

## XIII.

IT IS HEREBY ORDERED that Defendant Stanford and his agents, servants, employees, attorneys, depositories, banks, and all other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise shall:

(1) take such steps as are necessary to repatriate to the territory of the United States all funds and assets of investors described in the Commission's Complaint in this action which are held by him, or are under his direct or indirect control, jointly or singly, and deposit such funds into the Registry of the United States District Court, Northern District of Texas; and

(2) provide the Commission and the Court a written description of the funds and assets so repatriated.

## XIV.

Defendant Stanford shall have twenty (20) days from the date of this Preliminary Injunction in which to answer the Commission's First Amended Complaint.

EXECUTED at 3:30 o'clock am/pm CST this 12 day of March, 2009

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

*SEC v. Stanford International Bank, Ltd., et al.*
Preliminary Injunction and Order Granting Other Relief – R. Allen Stanford

12